**WO** MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eleanor Sue Mobley, | No. CV 07-8095-PCT-MHM (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| State of Arizona, | |
| Respondent. | |

On September 11, 2007, Petitioner Eleanor Sue Mobley, who is confined in the Yavapai County Detention Center, filed a *pro se* Petition for a Writ of Habeas Corpus (Doc. #1). For multiple reasons, this case will be dismissed without prejudice.

## I.  Failure to Pay Filing Fee

Section 1914(a), 18 U.S.C., establishes a $5.00 filing fee for applications for a writ of habeas corpus. Rule 3.5(b) of the Local Rules of Civil Procedure (LRCiv) requires that "[i]f a habeas corpus petitioner desires to prosecute the petition *in forma pauperis*, the petitioner shall file an application to proceed [*in forma pauperis*] on a form approved by the Court, accompanied by a certification of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit." Rule 3.5(b) also requires payment of the $5.00 filing fee

1  if a petitioner has in excess of $25.00 in her inmate account.  Petitioner has not paid the $5.00
2  filing fee or filed an Application to Proceed.

3  **II.     Failure to File on Court-Approved Form**

4  Pursuant to Rule 3.5(a) of the Local Rules of Civil Procedure, Petitioner is required
5  to use a court-approved form when she files a *pro se* habeas corpus petition.  Petitioner has
6  not done so.

7  **III.    Relief Unavailable under 28 U.S.C. § 2254**

8  Petitioner is a pretrial detainee.  Relief is therefore unavailable pursuant to 28 U.S.C.
9  § 2254, which requires that a person be in custody pursuant to a **judgment** of a State court.

10 **IV.    Relief Unavailable under 28 U.S.C. § 2241 – Failure to Exhaust State Remedies**

11 Section 2241, 28 U.S.C., provides an avenue for habeas corpus relief for a pretrial
12 detainee in custody in violation of the Constitution or laws and treaties of the United States.
13 "As an exercise of judicial restraint, however, federal courts elect not to entertain habeas
14 corpus challenges to state court proceedings until habeas petitioners have exhausted state
15 avenues for raising [a] federal claim."  Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980).
16 It does not appear that Petitioner has exhausted her state remedies before bringing this habeas
17 corpus action.

18 **V.     Younger Abstention**

19 The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents
20 a federal court in most circumstances from directly interfering with ongoing criminal
21 proceedings in state court.  Absent special circumstances, such as "proven harassment or
22 prosecutions undertaken by state officials in bad faith without hope of obtaining a valid
23 conviction and perhaps in other extraordinary circumstances where irreparable injury can be
24 shown," a federal court will not entertain a pretrial habeas corpus petition.  Carden, 626 F.2d
25 at 84 (quoting Perez v. Ledesma, 401 U.S. 82, 85 (1971)).  "[O]nly in the most unusual
26 circumstances is a defendant entitled to have federal interposition by way of injunction or
27 habeas corpus until after the jury comes in, judgment has been appealed from and the case
28

1  concluded in the state courts." Id. at 83-84 (quoting Drury v. Cox, 457 F.2d 764, 764-65 (9th
2  Cir. 1972)).

3       Petitioner has failed to show special or extraordinary circumstances indicating that she
4  will suffer irreparable harm if this Court abstains from hearing her claims until after she has
5  a chance to present her claims to the state courts. See Younger, 401 U.S. at 45-46; Carden,
6  626 F.2d at 83-84. This Court, therefore, will abstain from interfering in Petitioner's ongoing
7  state-court criminal proceedings.

8  **VI.  Lack of Personal Jurisdiction**

9       A petitioner for habeas corpus relief under § 2254 or § 2241 must name as the
10 respondent to the petition the officer having custody of her. Belgarde v. Montana, 123 F.3d
11 1210, 1212 (9th Cir. 1997); Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).
12 Typically, this person is the warden of the institution where the petitioner is incarcerated.
13 "Failure to name the petitioner's custodian as a respondent deprives the federal courts of
14 personal jurisdiction." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.
15 1994).

16      Petitioner has named the State of Arizona as Respondent. The State of Arizona,
17 however, is not the proper respondent. Thus, the Court lacks jurisdiction over this case.

18 **VII.  Dismissal Without Prejudice**

19      The Petition and this action will be dismissed without prejudice. Petitioner may file
20 another petition in a new habeas corpus action after all state criminal proceedings are
21 completed and available state judicial remedies are exhausted. See Swoopes v. Sublett, 196
22 F.3d 1008, 1010 (9th Cir. 1999) ("[E]xcept in habeas petitions in life-sentence or capital
23 cases, claims of Arizona state prisoners are exhausted for purposes of federal habeas once
24 the Arizona Court of Appeals has ruled on them.").

25 . . . .
26 . . . .
27 . . . .
28 . . . .

1   **IT IS ORDERED** that Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1)
2   and this action are **dismissed without prejudice**, and the Clerk of Court **must enter**
3   judgment accordingly.

4   DATED this 24th day of September, 2007.

_____
Mary H. Murguia
United States District Judge